KEVIN O'ROURKE
SOUTHWELL & O'ROURKE, P.S.
Attorneys at Law
960 Paulsen Center
W. 421 Riverside Avenue
Spokane, WA 99201
(509) 624-0159

UNITED STATES BANKRUPTCY COURT
IN AND FOR THE DISTRICT OF IDAHO

In re:

**AH TWO, LLC,**

Debtor.

No.: **20-20470-NGH**

Chapter **11**

### JOINDER IN ACTING UNITED STATES TRUSTEE'S MOTION TO DISMISS OR CONVERT CASE

COMES NOW, Craig D. Gates, and Christine B. Gates, husband and wife, Paul F. Sands Richard H. Conrad, Scott Fitzgerald and Tessa Fitzgerald, husband and wife, Kerry Lease & Associates, LLC, Robert T. Kirkpatrick, Rob B. Sever and Eileen Sever, husband and wife, Charles A. Anderson and Mary Lynn Anderson, husband and wife, Robert T. Kirkpatrick (Kenneth A. Hildebrant, Conservator), KMH Properties, LLC, DSN, LLC,  Summer Sky, LLC, and Stormy Blue, LLC (collectively the "Beneficiaries"), by and through their attorney, Southwell & O'Rourke, P.S., hereby join in the Acting United States Trustee's Motion to Dismiss or Convert Case filed on February 3, 2021 [*ECF No. 46*] (the "Motion").

**Secured obligations**

On or about July 2014, the Beneficiaries loaned several million of dollars to Ronald J. Ayers ("Ayers") and to several entities solely owned and controlled by Ayers, including Ah Two, LLC, Recreational Living, LLC, Devon Mountain, LLC, and Covered

1

Bridge Income, LLC.  The loans were secured by commercial real properties owned by Ayers and/or held by one of the above-named entities, which were solely owned and controlled by Ayers. The real properties included the following:

> 1214 W. Mill Avenue, Coeur d'Alene, Idaho
> 1217 W. Mill Avenue, Coeur d'Alene, Idaho
> 1219 W. Mill Avenue, Coeur d'Alene, Idaho
> 1221 W. Mill Avenue, Coeur d'Alene, Idaho
> 1808 Northwest Blvd, Coeur d'Alene, Idaho
> 1808 Northwest Blvd, Coeur d'Alene, Idaho
> 1750 Pinewood Court, Coeur d'Alene, Idaho
> 1314 E Sherman Avenue, Coeur d'Alene, Idaho
> 1318 E Sherman Avenue, Coeur d'Alene, Idaho
> 10588 Wolf Lodge Bay Road, Coeur d'Alene, Idaho
> 1180 Fontaine Drive, Ponderay, Idaho.

The purpose of the several loans was to provide Ayers with short-term financing to develop his several real properties such that he could attract investors or obtain conventional financing.  Ayers soon defaulted on each of his obligations to the Beneficiaries. At Ayers' request, the Beneficiaries, at various times, extended his repayment terms and even advanced him additional principal, which he represented was required to complete development of his properties.

As of June 2019, Ayers was in default with each of his obligations, was making no payments of any kind to the Beneficiaries, and was significantly delinquent in the payment of the real property taxes for multiple properties.  Between June and October 2019, the Beneficiaries attempted to resolve the several delinquent accounts directly with Ayers, including encouraging him to sell one or more properties to raise the funds necessary to resolve his obligations to the Beneficiaries. Ayers refused to sell any

2

properties. Instead, Ayers continued to make assurances to the Beneficiaries that he had many investors eager to invest in his developments, and the Beneficiaries would soon be paid in full. Ayers' purported investors never materialized.

**Foreclosure sales**

On October 28, 2019, the duly appointed Trustee, Steven O. Anderson, of Stamper Rubens, P.S., issued and served Notices of Default for the following four (4) accounts (The accounts are identified herein utilizing the account number assigned by the escrow servicer, Allegro Escrow*):

| **Allegro Escrow** | **Owner(s)** | **Property Affected** |
| --- | --- | --- |
| 47230 | Ronald J. Ayers | 1750 Pinewood Court |
|  | Devon Mountain, LLC | 10588 Wolf Lodge Bay Road |
| 45637 | Recreational Living, LLC | 1214 W. Mill Avenue |
|  | Covered Bridge Income, LLC | 1217 W. Mill Avenue |
|  |  | 1219 W. Mill Avenue |
|  |  | 1221 W. Mill Avenue |
|  |  | 1808 Northwest Blvd |
|  |  | 1808 Northwest Blvd |
| 47999 | Recreational Living, LLC | 1180 Fontaine Drive |
| 48459 | Recreational Living, LLC | 1214 W. Mill Avenue |

(*These are not all of the accounts the Beneficiaries have an interest in, or that are represented in their several Proofs of Claim. These are only the accounts currently being foreclosed. The total amount due the Beneficiaries herein for all accounts held by Beneficiaries is **approximately $6,000,000.00**).

As of October 28, 2019, the aforementioned four delinquent accounts with Allegro Escrow accounted for more than $3,500,000.00 due to the Beneficiaries, including roughly $2,600,000.00 in unpaid principal, $508,000.00 in interest, and $49,000.00 in accrued and unpaid late charges.  The Beneficiaries have timely filed

3

proofs of claims on January 12, 2021 [*Claim Nos. 3, 4, 5, 6, 7, 8, and 9*]. In addition, Ayers then owed more than $147,000 in delinquent and unpaid real property taxes for several real properties.

Ayers did not cure the several defaults within the time provided in the Notice of Defaults. The Trustee, Mr. Anderson, obtained Trustee Sale Guarantees for each of the affected real properties, and on December 30, 2019, issued a *Notice of Trustee's Sale* for each account (Deed of Trust) in default. All four Trustee's Sales were scheduled to occur on May 29, 2020 at 10:00 a.m.

**Ayers transfers his personal interest in Real Property into Ah Two, LLC**

Ayers, in his individual capacity, was the title owner of that real property commonly known as 1750 Pinewood Court, Coeur d' Alene, Idaho (the "Pinewood Property"), when he executed a promissory note and deed of trust in favor of the Beneficiaries. On May 27, 2020, just two days prior to the scheduled foreclosure sales, Ayers executed a *Quitclaim Deed,* wherein he conveyed his entire interest in Pinewood Property to Ah Two, LLC. (*see* Exhibit 1)  Two days later, Ayres put Ah Two, LLC into its first bankruptcy case.

**Prior bankruptcy, Case No. 20-20297-TLM**

On May 29, 2020, at 9:47 a.m., Ah Two, LLC filed a voluntary chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of Idaho Case No. 20-20297-TLM ("Case No. 20-20297-TLM"), which stopped the pending foreclosure sales.  Ayers failed to file any of the required bankruptcy schedules for Ah Two, LLC in Case No. 20-20297-TLM.  On July 1, 2020, the Honorable Terry L. Meyers, on the

4

court's own motion, issued a *Notice of Dismissal Hearing* [*Case No. 20-20297-TLM ECF No. 12*]*.* Judge Meyers scheduled a hearing for July 13, 2020. The basis set forth in the Court's *Notice of Dismissal Hearing* was:

> On May 29, 2020, Ah Two, LLC filed a voluntary petition, but failed to file required forms including schedules, a statement of financial affairs, an income and expense statement, a list of the 20 largest secured creditors, a corporate ownership statement, and corporate resolutions. *See* Doc. No. 1-1; Doc. No. 4. The deficient documents were due June 12, 2020, and June 15, 2020. To date, no such documents have been filed. Given the many deficiencies, it appears dismissal is appropriate pursuant to 11 U.S.C § 1112(b)(2).

On July 13, 2020, the court held a hearing on the court's motion for dismissal. Ayers and attorney Kevin Holt appeared at the hearing. Ayers represented to the court he had filed Case No. 20-20297-TLM for the sole purpose of preventing the scheduled foreclosure sales, and he had no intention of proceeding in bankruptcy. Instead, he intended to voluntarily dismiss Case No. 20-20297-TLM. In response to questions by Judge Meyers, Ayers and Mr. Holt indicated they would file a motion for voluntary dismissal by the end of that week. Ah Two, LLC did not file a motion for voluntary dismissal. On July 13, 2020, the Honorable Terry L. Meyers entered an *Order Dismissing Case* [*Case No. 20-20297-TLM ECF No. 17*]*.* On July 20, 2020, Judge Meyers entered an *Order Closing Dismissed Chapter 11 Proceeding* [*Case No. 20-20297-TLM ECF No. 19*]*.*

**Rescheduled foreclosure sales**

On July 27, 2020, Trustee, Mr. Anderson, issued a *Notice of Rescheduled Trustee's Sale,* rescheduling each of the four (4) separate foreclosure sales for September 18, 2020, at 10:00 a.m.  The morning of September 18, 2020, Mr. Holt

requested the Beneficiaries agree to continue the scheduled Trustee's sales for thirty (30) days, and if they would not, Mr. Holt advised that Ayers would file another bankruptcy case. The Beneficiaries refused to continue the Trustee's Sale, and Ah Two, LLC filed bankruptcy, again.

**Ayers removed himself personally and made Ah Two, LLC as the sole member of Recreational Living, LLC, and Devon Mountain, LLC the day before filing second bankruptcy.**

On September 17, 2020, the day before the scheduled foreclosure sales, Ayers executed and filed with the Idaho Secretary of State, two (2) separate *Amendment to Certificate of Organization of Limited Liability Company*. In the first, he replaced himself with Ah Two, LLC, as the sole Member of Recreational Living, LLC. (*see* Exhibit 2). In the second, he replaced himself with Ah Two, LLC as the sole Member of Devon Mountain, LLC. (*see* Exhibit 3). To date, and despite repeated requests by the United States Trustee and by the Beneficiaries over the course of multiple months and multiple Creditor's Meetings, Ayers and Mr. Holt have yet to state what, if any, ownership interest, Ah Two, LLC currently possesses in either Recreational Living, LLC or Devon Mountain, LLC.

**Current Case No. 20-202470-NGH**

On September 18, 2020, at 10:19 a.m., Ah Two, LLC filed its second bankruptcy proceeding, Case No. 20-202470-NGH [*ECF No. 1*].  On September 21, 2020, the Clerk of the United States Bankruptcy Court issued a Deficiency Notice [*ECF No. 6*] and set the deficiency deadlines of October 2, 2020 for Ah Two, LLC to file its bankruptcy schedules, and related forms.  On October 14, 2020, the United States Trustee

6

continued the 341 meeting of creditors ". . . due to Debtor's failure to file schedules, statement of financial affairs and related documents." (*see: Minutes of 341(a) Meeting of Creditors* [*ECF No. 14*]. On October 28, 2020, the United States Trustee continued again the 341 meeting of creditors ". . . due to Debtor's failure to provide requested documents to United States Trustee and failure to complete amendments to schedules." (*see: Minutes of 341(a) Meeting of Creditors* [*ECF No. 20*]. On November 30, 2020, the United States Trustee continued for a third time the 341 meeting of creditors ". . . due to Debtor's failure to provide requested documents to United States Trustee and failure to complete amendments to schedules." (*see: Minutes of 341(a) Meeting of Creditors* [*ECF No. 24*]. On February 3, 2021, the United States Trustee filed the Dismissal/Conversion Motion. Ah Two, LLC recently filed an untimely response to the Motion.

**Beneficiaries join the United States Trustee's Conversion or Dismissal Motion**

This Court "shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause . . . ." 11 U.S.C. §1112(b)(1). "[T]he term "cause" includes specifically enumerated grounds, including "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;" and "failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court . . . ." 11 U.S.C. §1112(b)(4)(A) and (J). However, the word "includes" in subsection (4) of Section 1112(b) means there are other bases. Bankruptcy courts have broad discretion to convert or dismiss a Chapter 11 petition for "cause" shown. *In re Consol. Pioneer Mortgage Entities*, 248 B.R. 368, 375 (9th Cir. BAP 2000).

The Plan confirmation process is the heart of Chapter 11. "Confirmation of a plan of reorganization is the statutory goal of every chapter 11 case." 7 Collier on Bankruptcy ¶ 1129.01, p. 11209-10 (rev. 15th ed. 1998). Indeed, the inability of a debtor to effectuate a plan is certainly "cause" for dismissal or conversion of a case, and dismissal "is appropriate where the debtor's failure to file an acceptable plan after a reasonable time indicates its inability to do so whether the reason for the debtor's inability to file is its poor financial condition, the structure of the claims against it, or some other reason." *Hall v. Vance*, 997 F. 2d 1041, 1044 (10th Cir. 1989); In re *DCNC N.C. I, LLC*, 407 B.R. 651, 665 (Bankr. E.D. Pa. 2009) ("Fundamental bankruptcy policy continues to support the proposition that the inability to propose a feasible reorganization or liquidation plan provides "cause" for dismissal or conversion of a chapter 11 case on request of an interested party"). A determination of the debtor's financial condition is unnecessary. *Hall*, 887 F.2d at 1044. Debtor filed its current Case No. 20-2022470-NGH on September 18, 2020. Over six (6) months has lapsed, and the Debtor has made no efforts to file any Disclosure Statement or proposed Chapter 11 Plan of Reorganization. The Debtors inability to effectuate a Disclosure Statement and Plan this late in the case warrants conversion or dismissal, pursuant to 11 U.S.C. §1112(b)(1).

Here, cause for dismissal of the case also exits because there is substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation under 11 U.S.C. § 1112(b)(4)(A). Section 1112(b)(4)(A) may be satisfied by showing a loss that will "materially negatively impact the bankruptcy estate and the interest of creditors" or "dwindling liquidity, or illiquidity resulting in unpaid post-

8

petition debts which usually constitute administrative expenses that will take priority over prepetition claims." 7 Collier on Bankruptcy ¶ 1112.04[6][a][i] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2012). The second prong of § 1112(b)(4)(A), rehabilitation, is a different and higher standard than reorganization, which is usually measured by the ability to confirm a plan. *Id.*

**Beneficiaries' advances to cure delinquent property taxes to prevent tax foreclosure**

To date, the Beneficiaries have advanced $15,688.95 to pay delinquent 2016 real property taxes assessed against Ayers' several properties to prevent the issuance of Tax Deeds. On March 5, 2021, Bonner County issued a *Notice of Pending Issue of Tax Deed,* for the 2017 real property taxes assessed to 1180 Fontaine Drive. Ayers, as Recreational Living, LLC, owes Bonner County $26,422.99 in delinquent and unpaid taxes for tax year 2017. If the delinquency is not cured by May 21, 2021, Bonner County will issue a Tax Deed, which said Tax Deed will deny the Beneficiaries the benefit of the real property as security for Ayers' obligations to them. Ayers, through his attorney Kevin Holt, was provided the *Notice of Pending Issue of Tax Deed* on March 8, 2021; however, to date, Ayers has not satisfied the delinquent taxes. If he fails to do so, the Beneficiaries will be required to pay Bonner County the $26,422.99 due in order to prevent a tax foreclosure of the property. In total, Ayers currently owes delinquent and unpaid real property taxes assessed against all properties, 2017 through first half 2020, in the total amount of $223,792.10.

**Threat of future tax foreclosure**

Of the total delinquent real property taxes due, ($223,792.10), the sum of $42,814.05, remains due for tax year 2017, which is the next year subject to tax foreclosure. Thus, if the properties are not sold and the taxes resolved through such sale by sale by January 2022, the Beneficiaries will be required to advance another $42,814.05, on or about by May 2022, to prevent the loss of the several real properties that secures Ayers' obligations to them. This cycle will repeat so long as the Ayers refuses to pay the delinquent real property taxes, refuses to sell the real properties, and continues to file repetitive bankruptcy cases. In addition, the continued accrual of interest and penalties upon the significant delinquent real property taxes owed ($223,792.10, excluding the second half 2020 taxes), which will need to be satisfied through closing upon sale of the properties, threatens to reduce the net proceeds of sale to the point that the Beneficiaries may not be able to fully recover the amounts due to them.

**Beneficiaries' costs of foreclosure exacerbated by Ayers' multiple bankruptcy filings**

To date, the Beneficiaries have incurred more than $36,996.00 in fees and more than $6,665.65 in costs prosecuting the several foreclosures to recover their principal, accrued interest, late charges and fees. This amount is in addition to the $15,688.95 advanced by the Beneficiaries to satisfy delinquent and unpaid real property taxes and avoid the loss of the property serving as security for Ayers' obligations to them. Approximately one-third of the fees and costs incurred by the Beneficiaries to date, are due to Mr. Ayer's several bankruptcy filings. The Beneficiaries had avoided the

10

significant expense of hiring bankruptcy counsel for as long as they could; however, given Ayers' refusal to comply with the requirements of the Bankruptcy Court and the requests of the United States Trustee, they had no choice but to engage bankruptcy counsel to assist them.

**Bad faith by Ah Two, LLC and Ayers warrants Conversion of Dismissal**

Cause for dismissal is also present when the Debtor files its Petition in bad faith. Although section 1112(b) does not explicitly require that cases be filed in 'good faith,' courts have overwhelmingly held that a lack of good faith in filing a Chapter 11 petition establishes cause for dismissal. The good faith requirement does not depend on a debtor's subjective intent, but rather encompasses several, distinct equitable limitations that courts have placed on Chapter 11 filings. *In re Marshall,* 721 F.3d 1032, 1047-48 (9th Cir. 2013) (citing *In re Marsch*, 36 F.3d 825, 828 (9th Cir. 1994)). The question of a debtor's good faith depends on an amalgam of factors and not upon a specific fact. *Idaho Dep't of Lands v. Arnold*, 806 F.2d 937, 939 (9th Cir. 1986).

The courts may consider any factors which evidence 'an intent to abuse the judicial process and the purposes of the reorganization provisions.' A Debtor bears the burden of proving that the petition was filed in good faith." *Marshall*, 721 F.3d at 1047-48 (*internal citations and quotations omitted*). Where reorganization is objectively futile, a Chapter 11 petition should be dismissed for bad faith. *Carolin Corp. v. Miller*, 886 F.2d 693, 700 (4th Cir. 1989). A debtor's history of filings and dismissals is relevant in determining whether a plan has been proposed in good faith. *In re Nash*, 765 F.2d 1410, 1415 (9th Cir. 1985); *see also In re Leavitt*, 171 F.3d 1219, 1224 (9th Cir. 1999).

11

A requirement of good faith prevents abuse of the bankruptcy process by debtors whose overriding motive is to delay creditors without benefiting them in any way or to achieve reprehensible purposes. Moreover, a good faith standard protects the jurisdictional integrity of the bankruptcy courts by rendering their powerful equitable weapons . . . available only to those debtors and creditors with "clean hands." *In re Little Creek Development Corporation*, 779 F.2d 1068, 1072 (5th Cir. 1986). In keeping with the "clean hands" requirement the *Little Creek* court held that the evaluation of a Debtor's motive in filing its Chapter 11 petition is central to the determination of good faith.

> In *Marsch,* the Ninth Circuit stated at page 828,
>
>> "The test [of good faith] is whether a debtor is attempting to unreasonably deter and harass creditors or attempting to affect a speedy, efficient reorganization on a feasible basis." . . The overall goal of the good faith requirement is "to deter filings that seek to achieve objectives outside the legitimate scope of the bankruptcy laws."

The determination of bad faith "requires a case-by-case assessment of multiple factors." *In re ACI Sunbow, LLC,* 206 B.R. 213, 219 (Bankr. S.D. Cal. 1997). There is no bright line, talismanic number of factors which must exist to find bad faith; the weight of any given factor depends on the facts and circumstances of the case. *In re Laguna*, 30 F.3d 734, 738 (6th Cir. 1994). That being said in *In Re Chu*, 253 B.R. 92, 95 (S.D. Cal. 2000) the court stated:

> "A determination of bad faith "requires a case-by-case assessment of multiple factors." *United Enters, Ltd. v. ACI Sunbow, LLC (In re ACI Sunbow, LLC)*, 206 B.R. 213, 219 (Bankr. S.D. Cal. 1997). Several of the recurrent factors that often accompany bad faith bankruptcy filings include:

(1) the debtor has one asset;
(2) the debtor engaged in improper pre-petition conduct;
(3) the debtor can identify only a few unsecured creditors;
(4) the debtor's property has been posted for foreclosure, and the debtor has been unsuccessful in defending against the foreclosure in state court;
(5) the debtor and a single creditor proceeded to a standstill in state court litigation, and the debtor has lost or has been required to post a bond which it cannot afford;
(6) the filing of the petition effectively allows the debtor to evade court orders;
(7) the debtor has no ongoing business or employees; and
(8) the lack of possibility of reorganization.
*Citations Omitted*

**Ayers continues to act in bad faith**

Ayers has acted, and continues to act, in bad faith as evidenced above, and as summarized below:

1. The only significant asset of the Debtor is the real property subject to the secured claims of Beneficiaries.

2. Ayers transferred his interest in the Pinewood Property to Ah Two, LLC, and then files its first bankruptcy No. 20-20297-TLM, just two days prior to the foreclosure sales.

3. In its amended schedules filed on December 4, 2020 [*ECF No. 28*], Ah Two, LLC only discloses two general unsecured creditors, one of which is an asserted claim of insider Ayers. Only one (1) unsecured creditor filed a proof of claim [*see Claim No. 2*]. The deadline for the filing of a proof of claim for non-governmental entities expired on January 12, 2021, and for governmental entities expired on March 17, 2021 (*see Notice of Chapter 11 Bankruptcy Case* [*ECF No. 8*]).

4. Beneficiaries were required to incur the significant costs to serve and publish notices of foreclosure several times due to the multiple bankruptcy filings of Ah Two, LLC, filed less than four (4) months apart.

5. The filing of the repetitive bankruptcy petitions by Ah Two, LLC, and his transfer of the Pinewood Property and his membership units, effectively

13

allows Ayers to hinder, delay, defraud, and obstruct Beneficiaries claim recovery and foreclosure efforts.

6. Ah Two, LLC has no real ongoing business or employees.

7. Despite the lapse of over six (6) months, Ah Two, LLC has not filed any Disclosure Statement and Plan of Reorganization.  Ah Two, LLC has no ability to effectively reorganize.

8. Ayers admitted during a Creditor's Meeting he caused Ah Two, LLC to file the first case, No. 20-20297-TLM, for the sole purpose of preventing the foreclosure of real property serving as security for his several obligations to the Beneficiaries;

9. Ayers conveyed his personal interest in 1180 Fontaine Drive to Ah Two, LLC, just prior to the May 29, 2020, Trustee's Sale, for the sole purpose of preventing the Beneficiaries from foreclosing his personal interest in real property, which Ah Two, LLC then possessed no interest in;

10. He failed to file any schedules of any kind in Case No. 20-20297-TLM;

11. He failed to dismiss Case No. 20-20297-TLM, even after representing to the court he would do so, which was for the purpose of delaying the Trustee, Mr. Anderson, from rescheduling the Trustee's Sales;

12. He admitted during a Creditor's Meeting he filed the second case, 20-202470-NGH, for the sole purpose of preventing the foreclosure of real property serving as security for his obligations to the Beneficiaries;

13. He amended the corporate documents for Recreational Living, LLC and Devon Mountain, LLC just prior to filing case 20-202470 to remove himself and make Ah Two, LLC a Member of each entity, which was for the purpose of preventing the foreclosure of real property serving as security for his obligations to the Beneficiaries, which was then not owned by the debtor, Ah Two, LLC;

14. During multiple Creditor's Meetings, Ayers has refused to state to the Trustee or to the Beneficiaries what, if any ownership interest Ah Two, LLC possesses in either Recreational Living, LLC and Devon Mountain, LLC;

15. Despite having reported during a Creditor's Meeting that he has received income, Ayers has yet to fully account for such income and has made no effort to pay the Beneficiaries any amount since prior to May 2019;

16. Despite having reported during a Creditor's Meeting that he has received income, Ayers has yet to fully account for such income and has made no effort to pay any of the delinquent property taxes, forcing the Beneficiaries to advance additional sums to prevent the loss of their security; and,

17. Despite sufficient equity in the real property with which to satisfy all Beneficiaries in full, Ayers has refused, and continues to refuse to sell any of the property. Ayers stated multiple times during the several Creditor's Meetings the property could be liquidated in 3 to 6 months; however, he stated he has no intention of selling any property, because it is in *his* interest to retain it and develop it. Ayers is unconcerned with the Beneficiaries' interest; only with his own.

**Conversion is in the best interest of the estate and its Creditors**

The Beneficiaries respectfully request the court grant the United States Trustee's Motion to convert this case to a Chapter 7, and liquidate the real property of Ah Two, LLC to satisfy its creditors. As set forth in the Motion, Ayers has already shown he is not above abusing the bankruptcy process to hinder, delay, defraud, obstruct, and prevent the Beneficiaries from recovering from him. He has twice made transfers just prior to filing bankruptcy, for the sole purpose of attempting to apply the automatic stay to property not owned by the debtor. Given Ayers' track record, if the court were to dismiss this case, even with a restriction on Ah Two, LLC refiling, nothing prevents Ayers from simply transferring an interest in the real property to one or more of his other entities and then have it, and the file yet another bankruptcy case. Given the number of entities Ayers has access to that the Beneficiaries know of, this would guarantee him another year or longer to tie the property up in subsequent bankruptcy proceedings, and prevent the Beneficiaries from foreclosing their interest in the properties. Dismissal will only further prejudice the Beneficiaries.  Conversion is the best and most efficient means to pay all of the creditors, secured and unsecured.

15

Respectfully submitted this 31st day of March, 2021.

                SOUTHWELL & O'ROURKE, P.S.

                BY:/s/ Kevin O'Rourke
                   KEVIN O'ROURKE, ID #6130
                   Attorney for Beneficiaries

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 31, 2021, I caused the foregoing document to be filed with the Court's CM/ECF system which causes a copy of the foregoing to be served by electronic means on the parties reflected on the Notice of Electronic Filing, including:

- **Brett R Cahoon**  ustp.region18.bs.ecf@usdoj.gov
- **Kevin P Holt**  kholt@holtlawoffice.com, nichole@holtlawoffice.com;G18693@notify.cincompass.com
- **Kevin O'Rourke**  kevin@southwellorourke.com
- **Safa Michael Riadh** safa@lawyercda.com,erinewebb@yahoo.com, camphillipslaw@gmail.com,erinewebb@yahoo.com, camphillipslaw@gmail.com, phillipsecf@gmail.com, riadhsr45791@notify.bestcase.com, r45791@notify.bestcase.com
- **US Trustee**  ustp.region18.bs.ecf@usdoj.gov

Also, on March 31, 2021, I deposited in the United States first-class mail, postage prepaid, a true copy of foregoing document addressed to:

Ah Two
9030 Hess
Hayden, ID 83835-9827

Kevin P. Holt
Holt Law Office, PLLC
233 E. Harrison Avenue, Suite B
Coeur d'Alene, ID 83814-3262

Ron Ayers
9030 Hess #364
Hayden, ID 83835-9827

Craig D. Gates
c/o Stamper Rubens, PS
720 W. Boone, Suite 200
Spokane, WA 99201
(Requesting special notice)

DATED: March 31, 2021

/s/ Tina Whited
TINA WHITED