KEVIN O'ROURKE
SOUTHWELL & O'ROURKE, P.S.
Attorneys at Law
960 Paulsen Center
W. 421 Riverside Avenue
Spokane, WA 99201
(509) 624-0159

UNITED STATES BANKRUPTCY COURT
IN AND FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>**AH TWO, LLC,**<br><br>Debtor. | No.: **20-20470-NGH**<br><br>Chapter **11**<br><br>**MOTION REQUESTING RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d), AND NOTICE OF LBR 4001.2** |

COMES NOW, Craig D. Gates, and Christine B. Gates, husband and wife, Paul F. Sands, Richard H. Conrad, Scott Fitzgerald and Tessa Fitzgerald, husband and wife, Kerry Lease & Associates, LLC, Robert T. Kirkpatrick, Rob B. Sever and Eileen Sever, husband and wife, Charles A. Anderson and Mary Lynn Anderson, husband and wife, Robert T. Kirkpatrick (Kenneth A. Hildebrant, Conservator), KMH Properties, LLC, DSN, LLC, Summer Sky, LLC, and Stormy Blue, LLC (collectively the "Beneficiaries"), by and through their attorney, Southwell & O'Rourke, P.S., and hereby moves this Court for an order for relief from the automatic stay, pursuant to 11 U.S.C. § 362 and Fed. R. Bankr. P. 4001. The Beneficiaries request that the stay be lifted to allow the Beneficiaries to foreclose their security interest pursuant to state law upon those real properties commonly known as:

    1808 Northwest Blvd. (Lot B), Coeur d' Alene, ID 83814
    1808 Northwest Blvd. (Lot C), Coeur d' Alene, ID 83814
    1820 Northwest Blvd., Coeur d' Alene, ID 83814

1

1750 Pinewood Ct., Coeur d' Alene, ID 83814 (collectively the "Real Properties").

In support of this motion, the Beneficiaries would show the Court as follows:

**1. Foreclosure Sales**

On October 28, 2019, the duly appointed Trustee, Steven O. Anderson, of Stamper Rubens, P.S., issued and served Notices of Default for the following four (4) accounts (The accounts are identified herein utilizing the account number assigned by the escrow servicer, Allegro Escrow*):

| **Allegro Escrow** | **Listed Owner(s)*** | **Property Affected** |
|---|---|---|
| 47230 | Ronald J. Ayers | 1750 Pinewood Court |
| | Devon Mountain, LLC | 10588 Wolf Lodge Bay Road |
| 45637 | Recreational Living, LLC | 1214 W. Mill Avenue |
| | Covered Bridge Income, LLC | 1217 W. Mill Avenue |
| | | 1219 W. Mill Avenue |
| | | 1221 W. Mill Avenue |
| | | 1808 Northwest Blvd |
| | | 1820 Northwest Blvd |
| 47999 | Recreational Living, LLC | 1180 Fontaine Drive |
| 48459 | Recreational Living, LLC | 1214 W. Mill Avenue |

  (*These are not all of the accounts the Beneficiaries have an interest in, or that are represented in their several Proofs of Claim. These are only the accounts currently being foreclosed. The total amount due the Beneficiaries herein for all accounts held by Beneficiaries as of May 6, 2022 is approximately $10,750,257.19. **As set forth herein, Ayres transferred certain of these properties to other entities).

As of October 28, 2019, the aforementioned four delinquent accounts with Allegro Escrow accounted for more than $3,500,000.00 due to the Beneficiaries, including roughly $2,600,000.00 in unpaid principal, $508,000.00 in interest, and $49,000.00 in accrued and unpaid late charges.  The Beneficiaries have timely filed

2

proofs of claims on January 12, 2021, as amended on July 21, 2021 [*Claim Nos. 3, 4, 5, 6, 7, 8, and 9*] (the "Proofs of Claims"). In addition, Ayers then owed more than $147,000 in delinquent and unpaid real property taxes for several real properties.

Ayers did not cure the several defaults within the time provided in the Notice of Defaults. The Trustee, Mr. Anderson, obtained Trustee Sale Guarantees for each of the affected real properties, and on December 30, 2019, issued a *Notice of Trustee's Sale* for each account (Deed of Trust) in default. All four Trustee's Sales were scheduled to occur on May 29, 2020 at 10:00 a.m.

### 2. Ayers transfers his personal interest in Real Property into Ah Two, LLC

Ayers, in his individual capacity, was the title owner of that real property commonly known as 1750 Pinewood Court, Coeur d' Alene, Idaho (the "Pinewood Property"), when he executed a promissory note and deed of trust in favor of the Beneficiaries. On May 27, 2020, just two days prior to the scheduled foreclosure sales, Ayers executed a *Quit Claim Deed,* wherein he conveyed his entire interest in Pinewood Property to Ah Two, LLC. Two days later, Ayres put Ah Two, LLC into its first bankruptcy case.

### 3. Prior bankruptcy, Case No. 20-20297-TLM

On May 29, 2020, at 9:47 a.m., Ah Two, LLC filed a voluntary chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of Idaho Case No. 20-20297-TLM ("Case No. 20-20297-TLM"), which stopped the pending foreclosure sales. Ayers failed to file any of the required bankruptcy schedules for Ah Two, LLC in Case No. 20-20297-TLM. On July 1, 2020, the Honorable Terry L. Meyers, on the court's own motion, issued a *Notice of Dismissal Hearing* [*Case No. 20-20297-TLM*

*ECF No. 12*]. Judge Meyers scheduled a hearing for July 13, 2020. The basis set forth in the Court's *Notice of Dismissal Hearing* was:

> On May 29, 2020, Ah Two, LLC filed a voluntary petition, but failed to file required forms including schedules, a statement of financial affairs, an income and expense statement, a list of the 20 largest secured creditors, a corporate ownership statement, and corporate resolutions. *See* Doc. No. 1-1; Doc. No. 4. The deficient documents were due June 12, 2020, and June 15, 2020. To date, no such documents have been filed. Given the many deficiencies, it appears dismissal is appropriate pursuant to 11 U.S.C § 1112(b)(2).

On July 13, 2020, the court held a hearing on the court's motion for dismissal. Ayers and attorney Kevin Holt appeared at the hearing. Ayers represented to the court he had filed Case No. 20-20297-TLM for the sole purpose of preventing the scheduled foreclosure sales, and he had no intention of proceeding in bankruptcy. Instead, he intended to voluntarily dismiss Case No. 20-20297-TLM. In response to questions by Judge Meyers, Ayers and Mr. Holt indicated they would file a motion for voluntary dismissal by the end of that week. Ah Two, LLC did not file a motion for voluntary dismissal. On July 13, 2020, the Honorable Terry L. Meyers entered an *Order Dismissing Case* [*Case No. 20-20297-TLM ECF No. 17*]. On July 20, 2020, Judge Meyers entered an *Order Closing Dismissed Chapter 11 Proceeding* [*Case No. 20-20297-TLM ECF No. 19*].

    **4.**    **Rescheduled foreclosure sales**

On July 27, 2020, Trustee, Mr. Anderson, issued a *Notice of Rescheduled Trustee's Sale,* rescheduling each of the four (4) separate foreclosure sales for September 18, 2020, at 10:00 a.m. The morning of September 18, 2020, Mr. Holt requested the Beneficiaries agree to continue the scheduled Trustee's sales for thirty (30) days, and if they would not, Mr. Holt advised that Ayers would file another

4

bankruptcy case. The Beneficiaries refused to continue the Trustee's Sale, and Ah Two, LLC filed bankruptcy, again.

**5.     Ayers removed himself personally and made Ah Two, LLC as the sole member of Recreational Living, LLC, and Devon Mountain, LLC the day before filing second bankruptcy.**

On September 17, 2020, the day before the scheduled foreclosure sales, Ayers executed and filed with the Idaho Secretary of State, two (2) separate *Amendment to Certificate of Organization of Limited Liability Company*. In the first, he replaced himself with Ah Two, LLC, as the sole Member of Recreational Living, LLC. In the second, he replaced himself with Ah Two, LLC as the sole Member of Devon Mountain, LLC. To date, and despite repeated requests by the United States Trustee and by the Beneficiaries over the course of multiple months and multiple Creditor's Meetings, Ayers and Mr. Holt have yet to state what, if any, ownership interest, Ah Two, LLC currently possesses in either Recreational Living, LLC or Devon Mountain, LLC.

**6.     Current Case No. 20-202470-NGH**

On September 18, 2020, at 10:19 a.m., Ah Two, LLC filed its second bankruptcy proceeding, Case No. 20-202470-NGH [*ECF No. 1*].  On September 21, 2020, the Clerk of the United States Bankruptcy Court issued a Deficiency Notice [*ECF No. 6*] and set the deficiency deadlines of October 2, 2020 for Ah Two, LLC to file its bankruptcy schedules, and related forms.  On October 14, 2020, the United States Trustee continued the 341 meeting of creditors ". . . due to Debtor's failure to file schedules, statement of financial affairs and related documents." (*see: Minutes of 341(a) Meeting of Creditors* [*ECF No. 14*].   On October 28, 2020, the United States Trustee continued again the 341 meeting of creditors ". . . due to Debtor's failure to provide requested

5

documents to United States Trustee and failure to complete amendments to schedules." (*see: Minutes of 341(a) Meeting of Creditors* [*ECF No. 20*]. On November 30, 2020, the United States Trustee continued for a third time the 341 meeting of creditors ". . . due to Debtor's failure to provide requested documents to United States Trustee and failure to complete amendments to schedules." (*see: Minutes of 341(a) Meeting of Creditors* [*ECF No. 24*].

On February 3, 2021, the United States Trustee filed the Dismissal/Conversion Motion. On March 31, 2021, the Beneficiaries filed a Joinder in Acting United States Trustee's Motion to Dismiss or Convert Case [*ECF No. 60*]. Ah Two, LLC filed an untimely response to the Motion. On May 12, 2021, the Court entered the Order Converting Case [*ECF No. 70*], granting the United States Trustee's Motion to Convert or Dismiss the Case, and converting the Chapter 11 bankruptcy case to a Chapter 7 bankruptcy case. David Gardner was appointed as the Chapter 7 Trustee.

The Fair Market Value of the Real Properties are presently unknown to the Beneficiaries as they are presently seeking an opinion as to value of the Real Properties from a licensed real estate broker; however, on December 30, 2021, the Chapter 7 Trustee filed the Motion for Order Approving Sale of Real Property [*ECF No. 122*] seeking an order approving the sale of the Real Properties, pursuant to 11 U.S.C. §363(b), by private sale to Providence Development, LLC, or assigns, for the cash price of $4,850,000.00 (the "Sale Motion"). On January 14, 2022, the Beneficiaries filed the Objection to Motion for Order Approving Sale of Real Property [*ECF No. 135*] on the basis that:

6

  a. The proposed Sale Motion does not provide for payment in full of the delinquent real property taxes owed Kootenai County Treasurer, State of Idaho, and secured by the Real Properties, which is now estimated in the approximate combined amount of Fifteen Thousand, Sixteen Dollars & Eighty-Three Cents ($15,016.83).

  b. The proposed Sale Motion provides for payment in the amount of Four Hundred Twenty-One Thousand Six Hundred Twenty-One and 17/100 Dollars ($421,621.17) to Robert T. Kirkpatrick (POC 5). The claim of Robert T. Kirkpatrick is not secured by any of the real properties proposed to be sold in the Sale Motion, but is secured by the property at 1214 W. Mill Avenue, Coeur d'Alene, ID. Debtor Ah Two, LLC does not own or have an interest in this property, as this property is owned by Recreational Living, LLC.

  c. The Sale Motion does not provide for payment in full of all claims of the Beneficiaries that are secured by the Real Properties to be sold in the Sale Motion, and the proposed cash price of Four Million Eight Hundred Fifty Thousand Dollars ($4,850,000.00) is insufficient to pay such secured claims in full.  The Beneficiaries have not consented to a sale that does not provide for payment in full of their secured claims. Excluding additional interest and additional attorney's fees and costs owing Beneficiaries, the total current approximate amount necessary to satisfy the above obligations secured by the Real Properties, is estimated in the sum of $5,195,506.77.  This amount incurs per diem interest of $1,286.00.

  The Beneficiaries where hopeful that the Sale Motion would generate further higher offers to purchase the Real Properties in an amount sufficient to satisfy in full the claims of

7

the Beneficiaries secured against the Real Properties, but it does not appear at this time that any such sufficient higher offers have materialized.

### I. LIFT OF STAY ON THE REAL PROPERTIES

7. Pursuant to 11 U.S.C. 362(d)(1), the Beneficiaries lack adequate protection and just cause exists to grant relief from the automatic stay.

8. Pursuant to 11 U.S.C. § 362(d)(2), the Debtor does not have equity in the collateral and it is not necessary for an effective reorganization. Cause exists to grant stay relief.

9. Considering the Beneficiaries hold claims in conjunction with the limitations imposed on this Court by 28 U.S.C. §§ 157 and 1334, stay relief is proper.

### II. WAIVER OF 4001(a)(3) REQUIREMENT

10. For the above and foregoing reasons, the Beneficiaries assert cause exists sufficient to waive the requirement of Federal Rules of Bankruptcy Procedure 4001(a)(3), therefore, allowing an order to become effective upon this Honorable Court's signature.

### III. WAIVER OF LBR 4001.2(b)(5), (6) REQUIREMENTS

11. The Proofs of Claims contain an itemization of amounts due upon the obligations, copies of accurate and legible copies of all documents evidencing the obligations and the basis of perfection of the liens of the Beneficiaries, and copies of recorded documents with the county recorders.  These documents exceed three hundred (300) pages.  The Beneficiaries respectfully seek an order of the Bankruptcy Court waiving the requirements of LBR 4001.2(b)(5), (6).  You may obtain a copy of the Proofs of Claims with all attachments at the Court's website of www.id.uscourts.gov or

<u>written</u> request to the undersigned attorney for Beneficiaries at 421 W. Riverside Avenue, Suite 960, Spokane, Washington 99201.

### IV. **NOTICE OF LBR 4001.2 REQUIREMENTS**

ALL INTERESTED PARTIES ARE NOTIFIED that any party in interest opposing the motion must file and serve an objection thereto not later than seventeen (17) days after the date of service of the motion, plus three (3) days for mailing of this notice. The objection shall specifically identify those matters contained in the motion that are at issue and any other basis for opposition to the motion. The objection shall also contain the notice of hearing required by subsection (e)(1) and the proof of service required by subsection (h). Absent the filing of a timely objection, movant may submit a proposed order, and the court may grant the relief sought without a hearing. If an objection is filed to a motion for stay relief, the objection shall be served upon the movant and upon all parties receiving service of the motion. A party opposing a motion shall contact the court's calendar clerk to schedule a preliminary hearing. The objection to a motion shall include the notice of such hearing. Upon court approval, the movant may schedule a hearing for cause shown in the motion or other submissions. An objection without a properly noticed and timely conducted hearing will be ineffective to prevent automatic relief under § 362(e). Further, the objection must contain an appropriate proof of service (the objection must be served upon the moving party and upon all parties receiving service of this motion).

ALL INTERESTED PARTIES ARE FURTHER NOTIFIED pursuant to 11 U.S.C. § 362(e).

    (1)    Thirty days after a request under 11 U.S.C. 362(d) for relief from the stay of any act against property of the estate under 11 U.S.C. § 362(a), such stay is

9

terminated with respect to the party in interest making such request, unless the court, after notice and hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under 11 U.S.C. § 362(d). A hearing under 11 U.S.C. § 362(e) may be a preliminary hearing, or may be consolidated with the final hearing under 11 U.S.C. § 362(d). The court shall order such stay continued in effect pending the conclusion of the final hearing under 11 U.S.C. § 362(d) if there is a reasonable likelihood that the party opposing relief from such stay will prevail at the conclusion of such final hearing. If the hearing under this subsection is a preliminary hearing, then such final hearing shall be concluded not later than thirty days after the conclusion of such preliminary hearing, unless the 30-day period is extended with the consent of the parties in interest or for a specific time which the court finds is required by compelling circumstances.

(2)    Notwithstanding paragraph (1), in a case under Chapter 7, 11, or 13 in which the debtor is an individual, the stay under 11 U.S.C. §362(a) shall terminate on the date that is 60 days after a request is made by a party in interest under 11 U.S.C. § 362(d), unless –

   (A)    a final decision is rendered by the court during the 60-day period beginning on the date of the request; or

   (B)    such 60-day period is extended - -

      (i)    by agreement of all parties in interest; or

      (ii)    by the court for such specific period of time as the court finds is required for good cause, as described in findings made by the court.

## IV.    PRAYER FOR RELIEF

WHEREFORE, the Beneficiaries pray that this Court grant the Beneficiaries relief from the automatic stay, and that the Beneficiaries be granted permission to take such actions against the Real Properties permitted under the Beneficiaries' collateral documents and applicable state law, waiving the requirements of LBR 4001.2(b)(5), (6), and waiving the requirements of BR 4001(a)(3) in declaring the relief from stay to

///

///

become effective immediately, and granting such other relief as the Court deems just and proper under this set of facts and circumstances.

DATED this 16th day of May, 2022.

                                          SOUTHWELL & O'ROURKE, P.S.

                                          BY: /s/ Kevin O'Rourke
                                               KEVIN O'ROURKE, ID #6130
                                               Attorney for Beneficiaries

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 16, 2022, I caused the foregoing document to be filed with the Court's CM/ECF system which causes a copy of the foregoing to be served by electronic means on the parties reflected on the Notice of Electronic Filing, including:

- **Brett R Cahoon**   ustp.region18.bs.ecf@usdoj.gov
- **David P. Gardner**   trustee@winstoncashatt.com, dpg@winstoncashatt.com;ID17@ecfcbis.com;azh@winstoncashatt.com
- **Kevin P Holt**   kholt@holtlawoffice.com, nichole@holtlawoffice.com;G18693@notify.cincompass.com
- **Kevin O'Rourke**   kevin@southwellorourke.com
- **Safa Michael Riadh**   safa@lawyercda.com, erinewebb@yahoo.com,riadhsr45791@notify.bestcase.com,r45791@notify.bestcase.com
- **US Trustee**   ustp.region18.bs.ecf@usdoj.gov

I FURTHER CERTIFY that on May 16, 2022, I deposited in the United States first-class mail, postage prepaid, a true copy of foregoing document addressed to each entity contained on the Master Mailing List attached hereto, and to:

Ah Two, LLC
9030 Hess
Hayden, ID 83835-9827

Ron Ayers
9030 Hess #364
Hayden, ID 83835-9827

Craig D. Gates
c/o Stamper Rubens, PS
720 W. Boone, Suite 200
Spokane, WA 99201
(Requesting special notice)

Kootenai County Treasurer
451 N. Government Way
Coeur d' Alene, ID 83814

Kootenai County Treasurer
Steve Matheson, Treasurer
451 N. Government Way
Coeur d' Alene, ID 83814

AND I FURTHER CERTIFY that on May 16, 2022, I deposited in the United States certified mail, postage prepaid, a true copy of foregoing document addressed to:

///

///

Kootenai County Treasurer  
451 N. Government Way  
Coeur d' Alene, ID 83814

Kootenai County Treasurer  
Steve Matheson, Treasurer  
451 N. Government Way  
Coeur d' Alene, ID 83814

DATED: May 16, 2022

/s/ Tina Whited  
TINA WHITED